**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

RALPH E. JONES,                                         )
                                                       )
                          Petitioner,                  )
                                                       )
vs.                                                    ) Case No. 1:17-cv-2870-SEB-TAB
                                                       )
SUPERINTENDENT,                                        )
                                                       )
                          Respondent.                  )

**Show Cause Order**

**I.**

  The petitioner, Ralph E. Jones, shall have **through September 25, 2017,** in which to

either pay the $5.00 filing fee for this action or demonstrate his financial inability to do so.

**II.**

  The petitioner Ralph Jones has filed a petition for writ of habeas corpus challenging the

disciplinary proceeding identified as ISR 16-11-0079. He states in his petition that he suffered a

grievous loss in the form of a demotion in credit class and lost 100 days of credit time. However,

there are two problems with Mr. Jones' petition.

  First, prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,*

381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d

641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with

the issuance of advance written notice of the charges, a limited opportunity to present evidence to

an impartial decision maker, a written statement articulating the reasons for the disciplinary action

and the evidence justifying it, and "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S.

539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The grounds for relief Mr. Jones raises in his petition do not allege that he was deprived of due process during the disciplinary proceedings. Rather, he alleges he was repeatedly tortured. Mr. Jones claims of torture may not proceed in a petition for writ of habeas corpus challenging a disciplinary proceeding, rather they must be brought in a civil rights action pursuant to 42 U.S.C. § 1983.

Second, in order to proceed, Mr. Jones must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

The report of disciplinary hearing Mr. Jones attached to his petition, while not labeled with the disciplinary case number, shows that he was promoted in credit class from 3 to 2. [Dkt. 1-1]. This sanction is non-custodial. *See i.e., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any

procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

### III. Further Proceedings

Mr. Jones shall have **through September 25, 2017**, to show cause why this action should not be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date:    8/25/2017

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RALPH E. JONES
977217
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391