UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RALPH E. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-2870-SEB-TAB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**I.**

Petitioner Ralph Jones ("Mr. Jones") has filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding identified as ISR 16-11-0079. He states in his petition that he suffered a grievous loss in the form of a demotion in credit class and lost 100 days of credit time. For the reasons stated below, this petition is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.*

**II.**

**Discussion**

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered

with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). If a habeas petitioner has suffered the deprivation of a protected liberty interest the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974), are applicable and the decision must be supported by "some evidence." *Superintend. Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In order to proceed, Mr. Jones must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir. 1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Mr. Jones alleges that the sanctions imposed as a result of the challenged disciplinary proceeding include the following: demotion in credit class and lost 100 days of credit time. Dkt. [1]. However, the report of disciplinary hearing Mr. Jones attached to his petition, while not labeled with the disciplinary case number, shows that he was promoted in credit class from 3 to 2. Dkt. [1-1]. This sanction is non-custodial. *See i.e., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs). When no recognized liberty or property

interest has been taken, which is the case here, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001). Moreover, the Court gave Mr. Jones time to report whether he suffered a grievous loss. He filed a response that stated he was being subject to unlawful and unconstitutional conduct on the part of prison staff. This is also non-custodial and are allegations that cannot be raised in a 28 U.S.C. § 2254 petition.

For these reasons, this action is **dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/27/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RALPH E. JONES
977217
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391